Daniels, J.
The order was obtained under section 885 of the Code of Civil Procedure to take the deposition of Jane Stubbs, to be used upon a motion to set aside or vacate a power of attorney, given by her to Edward C. Ripley. She was a party to the action, and the order for that reason, under this section of the Code was unauthorized, and the decision in King v. Leighton (58 N. Y., 383), also supports this view. And being unauthorized, it was entirely right that it should be set aside, together with all the proceedings taken under it.
The case of McCue v. Tribune Ass’n (1 Hun, 469) is relied on as supporting a different ruling, but it does not, for there the order at most was an irregular one, and the right to complain of it had been waived by the proceedings *283 allowed to be taken under it. While here it was made without authority, and that want of authority was not supplied by the simple circumstance that the party herself submitted to the examination directed to be taken by the referee.
Why the plaintiff should interfere between the party and her attorney, or should desire to set aside the power of attorney, does not clearly appear, neither is it necessity that it should in this proceeding, for it is sufficient to sustain the disposition made of it by the order that it was made without authority.
The order should be affirmed with ten dollars costs, and also the disbursements.
Van Brunt, P. J., and Brady, J., concur.